807 P.2d 61

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eugene PETERS, Defendant–Appellant.**

**No. 18589.**

Supreme Court of Idaho,
Boise, January 1991 Term.

March 11, 1991.

Terry S. Ratliff, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

JOHNSON, Justice.

The dispositive issue in this case is whether the Idaho Rules of Evidence apply in proceedings for revoking probation. We hold they do not.

In 1988, Peters was placed on probation as the result of a conviction for lewd conduct with a child under the age of sixteen years. In 1990, Peters admitted that he had violated his probation in two particulars. The trial court dismissed the allegation of a third violation.

At the hearing to determine whether Peters' probation would be revoked, the state offered evidence that related to the third violation that the trial court had dismissed. Peters' objection to this evidence was overruled. Following the hearing, the trial court revoked the probation.

Peters appealed the revocation on the ground that the trial court abused its discretion under I.R.E. 403 and 404(b) in allowing the evidence offered by the state that related to the third violation.

I.R.E. 101(e)(3) provides that the Idaho Rules of Evidence do not apply to proceedings for revoking probation. Therefore, we reject Peters' assertion that the trial court abused its discretion under those rules in admitting the evidence in question.

We affirm the order of the trial court revoking Peters' probation.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, specially concurring.

In *State v. Edulblute*, 91 Idaho 469, 424 P.2d 739 (1967), this Court considered the due process rights of a defendant in a probation revocation proceeding:

> In probation revocation proceedings while the probation violation need not be proved within the strict framework of a criminal trial, nevertheless a probationer is entitled to judicial process which contemplates a hearing. The legal status of a probationer is placed in the limbo between citizenship's complete constitutional protection and the loss of civil rights.

Thus, although the full scope of Constitutional Due Process, U.S. Const., Amend. XIV; Idaho Const. art. I, § 13, may not encompass proceedings pertinent to probation, nevertheless, fundamental considerations of fairness and sound judicial administration cannot tolerate an arbitrary deprivation of a probationer's liberty.

91 Idaho at 475, 424 P.2d at 745 (citations and footnote omitted). The judicial process due a probationer in a revocation proceeding should include the modest protections of the Rules of Evidence. Irrelevant and unfairly prejudicial evidence should not be used in deciding whether to revoke probation.

Peters contends that the district court erred in allowing a prosecution witness to testify as to Peters' propensity towards dysfunctional, sexual behavior with minor children. He asserts that the admission of such testimony violated Rules of Evidence 403 and 404.

Peters admitted to violating two of the conditions of his probation before the revocation hearing was held. The purpose of the hearing, therefore, was solely to determine whether Peters' probation consequently should be revoked. Character evidence that would be irrelevant and inadmissible in determining the guilt of a criminal defendant may be relevant and admissible in determining the sentence once guilt has been established. *See State v. Moore*, 93 Idaho 14, 454 P.2d 51 (1969). For this reason the character testimony given by the prosecution witness was properly admitted.