812 P.2d 741

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John Michael TRACY, Sr.,
Defendant–Appellant.**

**No. 18516.**

Supreme Court of Idaho,
Boise February 1991 Term.

June 11, 1991.

Alan E. Trimming, Ada County Public Defender and Amil N. Myshin, Jr., Deputy Public Defender, argued, Boise, for defendant-appellant.

Larry J. EchoHawk, Idaho Atty. Gen. and James E. Leuenberger, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

BOYLE, Justice.

In this appeal we are called upon to determine whether the district court had sufficient basis to revoke appellant's probation.

In August, 1987, John Michael Tracy plead guilty to three counts of issuing checks without funds in violation of I.C. § 18-3106(a). The district court sentenced Tracy to a fixed three-year sentence on all three counts. However, Tracy was given credit for time served and the balance of the sentence was suspended to a one-year sentence to be served in the county jail. The consecutive three-year sentences imposed on Counts II and III were suspended, and Tracy was placed on probation for a total of six years.

In October, 1989, a bench warrant was issued alleging Tracy violated five conditions of his probation. An evidentiary hearing was held and the district court found that Tracy had violated the following conditions of his probation: 1) failure to appear before his probation officer; 2) failure to submit a written report to his probation officer; 3) unauthorized presence outside the district; and 4) unauthorized change of residence. The district court held that a fifth alleged probation violation of failure to pay restitution was not proven. Based upon the four conditions of probation found to be violated, the district court revoked Tracy's probation and imposed a one-year indeterminate sentence on Count I and two concurrent three-year indeterminate terms for Counts II and III to be served consecutive to Count I.

Our review of the record before us establishes that Tracy clearly violated three conditions of his probation. The probation officer testified at the hearing that Tracy failed to make his monthly report, failed to appear and report to the probation office when ordered and that when he went to Tracy's residence he was told by the current occupant that Tracy no longer resided there. Tracy did not testify at the probation hearing and did not object to any of the foregoing testimony. However, Tracy did object to certain hearsay testimony relating to his alleged absence from the state. The probation officer testified to conversations he had with an Ontario, Oregon police officer as to Tracy's recent presence in that city. Tracy objected to this testimony at the probation violation hearing, and has argued on appeal that this hearsay testimony relating to the conversations with the Oregon police officer violated his constitutional rights.

▪ It is well established that this Court will not pass upon questions of constitutionality until it is presented with a cause demanding a ruling. *State v. Hightower,* 101 Idaho 749, 620 P.2d 783 (1980); *Twin Falls Canal Co. v. Huff,* 58 Idaho 587, 76 P.2d 923 (1938); *State v. Pierce,* 107 Idaho 96, 685 P.2d 837 (Ct.App.1984); *State v. Curtis,* 106 Idaho 483, 680 P.2d 1383 (Ct.App.1984). The issues presented in this appeal can be resolved on the uncontroverted evidence before us and it is unnecessary to reach or address the constitutional issue raised by Tracy.[1]

▪ On appeal, Tracy raised narrow issues as to whether he was afforded due process of law in the district court proceeding resulting in his probation being revoked. After a careful review of the record, we hold that Tracy was afforded due process. The finding of a probation violation must be on verified facts and that the trial court's exercise of discretion will be informed by an accurate knowledge of the probationer's behavior. *State v. Chapman,* 111 Idaho 149, 152, 721 P.2d 1248, 1251 (1986); *see Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

▪ Our review of the record and the evidence submitted to the district court at the hearing clearly establishes that Tracy violated three conditions of his probation. The record clearly demonstrates that Tracy failed to obtain permission before moving,

---

1. Although we do not reach the constitutional issue, we have recently held that the Rules of Evidence do not apply to proceedings for revoking probation. *State v. Peters,* 119 Idaho 382, 807 P.2d 61 (1991); *see also* I.R.E. 101(e)(3).

failed to file a report and failed to follow the instruction of his probation officer. It is therefore not necessary to prove a probation violation by reliance on the testimony of the probation officer's conversations with an Oregon police officer. It is clear from our review of the record that the three counts which Tracy was found to have violated were based on verified facts and that the district court's decision to revoke probation was informed by an accurate knowledge of Tracy's behavior.

We affirm the order of the district court revoking Tracy's probation.

BAKES, C.J., and JOHNSON and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

The district court found that the defendant violated four conditions of his probation: 1) failure to appear before his probation officer; 2) failure to submit a written report to his probation officer; 3) unauthorized presence outside the district; and 4) unauthorized change of address.

The evidence of the first violation was the testimony of the defendant's probation officer, Jeff Michels: "On September 6, I ordered Mr. Tracy over the phone to my office. On September 7 at 1 o'clock he failed to report at that time." Tr. 3. The evidence of the second violation was further testimony by Jeff Michels: "And the first contact I had with him after that date [September 7] was in court. He failed to submit the monthly report for that month or any of the subsequent months." Tr. 3–4. Cross-examination of Michels on this violation went as follows:

Q. Mr. Michels, Mr. Tracy did file monthly reports with you, didn't he?

A. He did.

Q. Which months did he file for?

A. I don't recollect.

Q. And he has reported to you on numerous occasions, hasn't he?

A. He has.

Q. Do you recall when he reported to you?

A. I don't have the dates.

Tr. 9–10.

The evidence of the fourth violation, unauthorized change of address, was the testimony of Jeff Michels, which included hearsay on what a certain resident told Michels:

Q. As his probation officer, do you know where Mr. Tracy was living during the period he was supervised by you, at all times?

A. I do. I attempted to do a number of home visits with—at Mr. Tracy's residence after he failed to appear for the appointment in September.

I wasn't able to locate anyone at that house until September 20th when I spoke to a resident who indicated that he no longer lived at that residence and that he had moved his things out several weeks prior to that.

Although the hearsay testimony on what the resident said cannot be used to prove a probation violation, Michels' testimony that he couldn't find the defendant at the residence is some evidence that the defendant may have changed his residence. The hearsay problem will be discussed at length in regard to evidence of the third probation violation.

The evidence of the third violation, unauthorized presence outside the district, is most problematic as it came entirely in the form of hearsay testimony by Jeff Michels: "I spoke on, I believe, September 18th to Officer Warren of the Ontario Police Department. He indicated that he had spoken to Mr. Tracy several times in regard to a number of incident reports that had been submitted to his department." Tr. 7.

The rule on hearsay in a probation revocation proceeding was discussed in a fairly recent Ninth Circuit case:

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that the confrontation clause, as incorporated by the due process clause of the Fourteenth Amendment, requires probationers and parolees to have some right to confront and cross-examine adverse witnesses. They pos-

sess the right unless the hearing officer specifically finds good cause for not allowing confrontation. *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604; *Gagnon*, 411 U.S. at 786, 93 S.Ct. at 1761.

*United States v. Simmons*, 812 F.2d 561, 564 (9th Cir.1987).

In the instant case the district judge did not specifically find good cause for not allowing confrontation with the Oregon police officer. After the defendant objected to the hearsay the judge said, "Well, I think that the rules are somewhat expanded on probation violation hearings. I think you need to establish a little bit of a basis for me to believe this form of hearsay." Tr. 5. The State proceeded to elicit the hearsay testimony from Jeff Michels. After another objection by the defense, the following colloquy ensued:

> THE COURT: Why don't you tell me what you're trying to prove?
>
> MR. HICKS: That he was out of the state for a period of time. That's where we're headed.
>
> THE COURT: Yes, I'll let you proceed.

Tr. 7. No attempt was made by the State to show good cause for not allowing confrontation, and the judge made no finding of good cause. The defendant's Sixth Amendment right to confront adverse witnesses was violated, and therefore the testimony concerning what the Oregon officer said cannot be used as proof of the third probation violation.

Because the district judge's decision to revoke probation and impose the three year sentence (with one year fixed) was based in part on the unauthorized presence outside of the district violation, the case must be remanded to the district court for a new revocation determination based solely on the other three violations. Furthermore, the district judge must also decide whether the fourth violation, unauthorized change of residence, was proved when only that part of Michels' testimony that was not hearsay is considered.