903 P.2d 95

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Oscar Joel WILSON, Defendant–Appellant.**

**No. 21395.**

Court of Appeals of Idaho.

May 4, 1995.

Rehearing Denied July 28, 1995.

Petition for Review Denied Oct. 13, 1995.

508

Dale L. Luplow, Grangeville, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman argued.

WALTERS, Chief Judge.

Oscar Joel Wilson appeals from a district court's judgment of conviction and sentence imposed for delivery of methamphetamine. I.C. § 37–2732(a)(1)(A). For the reasons set forth below, we affirm the judgment, but vacate the sentence, and remand the case for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Wilson was charged with the possession of and the delivery of methamphetamine, a controlled substance, I.C. § 37–2732(a)(1)(A), and with failure to obtain drug tax stamp, I.C. §§ 63–4205, –4206. Pursuant to plea negotiations, Wilson pled guilty to the charge of delivery of methamphetamine, and the State dismissed the possession and drug stamp charges. The plea agreement stipulated a maximum unified three-year sentence with a minimum period of confinement of one year. The district court accepted the plea,

and a presentence investigative report (PSI) was prepared and made available both to the court and to the parties. At the initial sentencing hearing, the district court did not impose the maximum sentence allowed by the plea bargain. Instead, the court entered an order withholding judgment and placing Wilson on probation for three years.

Within the first twenty months of Wilson's probation, two allegations of probation violations were filed. Wilson admitted violating his probation as alleged and, in each instance, the court continued him on probation. One month before Wilson's three-year probation term was to expire, a third report was filed alleging yet another probation violation—statutory rape. Following an evidentiary hearing, the court again found that Wilson had violated the terms of his probation. A supplemental PSI was ordered and obtained. The district court entered a written judgment of conviction which revoked Wilson's probation and the court's previous order withholding judgment. The court imposed a unified five-year sentence with a fixed term of two and one-half years.

Wilson filed a motion for vacation or correction of an illegal sentence. Following a hearing, the district court denied the motion but granted three days credit for time served. Wilson filed a timely appeal from the judgment of conviction and the sentence imposed.

## ISSUES

Wilson raises several issues. Wilson claims (1) that the order withholding judgment and placing him on probation was illegal; (2) that he was denied due process during the probation revocation proceeding; (3) that the unified five-year sentence imposed by the court violated his constitutional protections, including his right to procedural due process; and (4) that the unified five-year sentence, with a fixed term of two and one-half years, was an illegal sentence because it differed from the terms of the plea agreement.

## ANALYSIS

First, Wilson argues that the court's order withholding judgment is illegal for any of the

following reasons: (1) the sentence was an illegal hybrid of a withheld judgment and a suspended sentence, contrary to I.C. § 19–2601; (2) the court failed to request a mental and physical examination of Wilson pursuant to I.C. § 20–220 before placing him on probation; and (3) the court failed to consider factors set forth in I.C. § 19–2521 before placing him on probation.

## A. LEGALITY OF THE ORDER WITH-HOLDING JUDGMENT

▆▆▆▆ Wilson asserts that the initial order imposing probation is an illegal hybrid of a withheld judgment and a suspended sentence, contrary to I.C. § 19–2601, which allows the court to choose only one of the listed alternatives. That statute provides, in part, that whenever a person has been convicted, or enters a plea of guilty, the district court, using its discretion, may:

> 2. Suspend the execution of the judgment at the time of judgment or at any time during the term of a sentence in the county jail and place the defendant on probation under such terms and conditions as it deems necessary and expedient; or
>
> 3. Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation;....

The court's order withholding judgment stated:

> WHEREAS, the said District Court having listened to arguments made in mitigation of said offense ... does hereby OR-DER, ADJUDGE AND DECREE that the said defendant be placed on supervised probation and *sentence is hereby withheld* for a period of three (3) years upon the following conditions,....
>
> IT IS FURTHER ORDERED that upon the expiration of the period of *suspension of judgment* herein fixed, or the earlier termination hereof, and upon written showing by or on behalf of the defendant that he has fully complied with the terms of his probation, then in that event, this action shall be dismissed.

(emphasis added). The difference between suspending the imposition of sentence and withholding judgment is that under the former the defendant's judgment of conviction is entered, whereas in the latter case it is withheld. *Peltier v. State*, 119 Idaho 454, 460, 808 P.2d 373, 379 (1991). An ambiguity existing in the text of a written judgment may be cleared up if there is no ambiguity in the district court's oral pronouncement of the sentence. *Peltier*, 119 Idaho at 459–60, 808 P.2d at 378–79.

We agree that the written order is somewhat ambiguous as to whether the court withheld judgment or suspended the sentence. However, the court clarified its intent during the hearing when it decided to withhold judgment. The district court explained:

> Well, what I'm going to do in this situation I think, Mr. Wilson, is I think I'm going to withhold judgment and place you on probation, and as a condition of the probation have you spend a year in the county jail and order that you do two thousand hours of community service.
>
> . . . .
>
> I'm going to put you on probation for a period of three years, and I can make that a supervised probation, and have you do a year in the county jail as I indicated but you'll be permitted to leave [sic] a work release to do your community service or community service release as the case might be.
>
> This will give you an opportunity to have this removed from your record. Basically when I withhold a judgment I put it in my drawer, keep it there for a period of your probation, and then after the period of probation is up if you have successfully complied with the terms of probation then I can basically throw away the guilty plea and enter a plea of not guilty and have the case dismissed. If you violate the terms of your probation then I'll take your guilty plea out of the drawer, file it, and bring you back here and then you can be sentenced on the original charge to the maximum term of [sic] the penitentiary. Do you understand that?
>
> A: Yes.

Later, at the final sentencing hearing after Wilson's probation was revoked, his attorney expressed confusion regarding the issue of whether Wilson had received a withheld

judgment or a suspended sentence. The following colloquy took place:

> [DEFENSE COUNSEL]: The history as I understand it, Your Honor, is the defendant was charged with a delivery of a controlled substance in approximately September of 1990. He subsequently pled guilty to that charge and was sentenced to what's been termed as a withheld judgment.
>
> . . . .
>
> We're a little bit confused as to whether we have a withheld judgment here or suspended judgment or some kind of combination. But nonetheless—
>
> THE COURT: Well, if it's going to make a difference on how you address this matter, he was given a withheld judgment.
>
> [DEFENSE COUNSEL]: Well, I only know what's in the record, Your Honor.
>
> THE COURT: Sure. I thought if you were confused then I would clear that up. But it is—he did in fact receive a withheld judgment.

We conclude the record sufficiently shows that the district court withheld judgment, and did not impose a sentence to the custody of the Board of Correction which was suspended, when placing Wilson on probation.

## B. EXAMINATION AND PROBATION FACTORS

■ Next, Wilson argues that the district court erred by failing to obtain a mental and physical examination, and by failing to consider factors set forth in I.C. § 19–2521, before placing Wilson on probation under the withheld judgment. In response, the State argues that Wilson failed to file a timely appeal from the order withholding judgment and is, therefore, precluded from attacking the procedures followed when the district court ordered Wilson's judgment to be withheld.

■ Idaho Appellate Rule 14(a) allows 42 days from the filing of a judgment or appealable order within which to file a notice of appeal in a civil or criminal action. An order granting or denying a withheld judgment on a verdict or plea of guilty is appealable. I.A.R. 11(c)(2); *State v. Wagenius,* 99 Idaho 273, 275–76, 581 P.2d 319, 320–21 (1978). The court's order to withhold judgment was filed on November 30, 1990, and Wilson's notice of appeal was filed on June 14, 1994. We agree with the State that Wilson's right to appeal from the order withholding judgment has not been preserved. We therefore do not reach the merits of Wilson's argument that the district court erred by failing to order a mental or physical examination or by failing to consider the factors contained in I.C. § 19–2521 before placing Wilson on probation under the order withholding judgment.

## C. DUE PROCESS

Wilson asserts that he was denied due process during the probation revocation proceeding. Wilson argues that before probation can be revoked, he must be charged, a trial must be held, and the State must prove that he committed the crime for which he is accused as a violation of probation.

■ The purpose of probation is rehabilitation. *State v. Wilson,* 100 Idaho 725, 726, 604 P.2d 739, 740 (1979). Before probation may be revoked, due process requires a hearing giving the probationer a reasonable opportunity to examine and rebut adverse evidence and to cross-examine hostile witnesses. I.C. §§ 19–2601, –2602; *State v. Bingham,* 107 Idaho 501, 502, 690 P.2d 956, 957 (Ct.App.1984). The court may revoke probation upon "proof for any other cause satisfactory to the court." *Ex parte Medley,* 73 Idaho 474, 482, 253 P.2d 794, 798–99 (1953). After a probation violation has been proven, the decision to revoke probation and pronounce sentence lies within the sound discretion of the trial court. *State v. Roy,* 113 Idaho 388, 392, 744 P.2d 116, 120 (Ct.App. 1987). On appeal, this Court will review whether the trial court abused its discretion. *State v. Arambula,* 97 Idaho 627, 630, 550 P.2d 130, 133 (1976).

■ The record shows that the district court conducted a probation violation hearing, and found that Wilson had committed statutory rape. Consequently, the court found that Wilson violated the terms of his probation. We hold that there is no require-

ment that a judgment of conviction be a prerequisite to finding a probation violation when the alleged violation is the commission of a crime.

Wilson also argues that the district court violated his constitutional rights, including his right to procedural due process, when the court failed to make written findings as to the evidence it relied upon as well as its reasons for revoking his probation. Wilson also claims that his constitutional rights were violated when the court incarcerated him upon revocation of his probation but prior to the disposition hearing.

■■■■■ Minimum due process requirements for parole and probation revocation include: (a) written notice of the claimed violations of probation or parole; (b) disclosure to the defendant of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484, 498–99 (1972). A district court does not need to enter written findings of fact to justify revocation of probation if it orally explained its reasons and these reasons are part of the record on review. If the reasons given are made part of the record, the probationer's due process rights are not violated. *State v. Chapman*, 111 Idaho 149, 153, 721 P.2d 1248, 1252 (1986).

■■■■ The district court orally set forth its reasons for revoking Wilson's probation during the probation violation hearing. The court's reasons, in part, are as follows:

THE COURT: ... The testimony of [J.M.] is clear and convincing that Mr. Wilson engaged with sexual—engaged in acts of sexual intercourse with her. I have

rarely seen such frank testimony given by an individual of her age. Her demeanor was such that one could only fully believe her, and I do.

The testimony of Mr. Wilson on the other hand was hard to believe, and in my opinion, unbelievable in many respects. He contradicted himself on numerous occasions. The evidence against him is quite clear that he had a physical and an emotional love affair going on with this twelve year old [girl].

Most compelling is this testimony by [J.M.] that he sent her a ticket to travel here, and he denies that. And the letter that we have says, Dear [J.M.]. I have missed you so much that I couldn't wait any longer so here's a way for you to see me.... It's quite clear that the tickets were sent with this letter. And the testimony given by [S.C] corroborates this sexual relationship that I described that Mr. Wilson had with [J.M.].

I find by clear and convincing evidence that Mr. Wilson has violated the terms of his probation which require that he respect and obey all laws....

We hold that Wilson's due process rights were not violated. The district court's orally stated reasons for revoking Wilson's probation are sufficient to meet the minimum due process requirements.

■■■■ With regard to whether Wilson's constitutional rights were violated when the court incarcerated him after he was found to have violated probation and prior to the disposition hearing, we note that a probationer charged with a probation violation has no right to release pending probation revocation proceedings. *Matter of Whitney*, 421 F.2d 337, 338 (1st Cir.1970). Accordingly, we hold that Wilson's constitutional rights were not violated when the court incarcerated him because of his probation violation.

## D. LEGALITY OF THE SENTENCE

■■■■ Finally, Wilson asserts that the sentence pronounced by the district court upon recision of the order withholding judgment constitutes an illegal sentence because it violated the terms of the plea agreement in

which the maximum sentence was to be a unified three-year term with a one-year fixed term. He also contends that the district court erred by refusing to correct the sentence pursuant to I.C.R. 35.

Wilson maintains that the unified five-year sentence, with two and one-half years fixed, which the court imposed, is illegal because it exceeds the plea agreement's stipulated sentence of a maximum unified three-year sentence, with a one-year fixed term. Wilson argues that the court accepted his guilty plea and the plea agreement during the initial sentencing hearing. He asserts that during the final sentencing hearing, the court impermissibly disregarded the plea agreement accepted earlier by the court by imposing a sentence greater than the one agreed to by the parties. This action, Wilson contends, violates the plea agreement, I.C.R. 35, I.C. § 18–301, and the double jeopardy clause of both the state and federal constitutions. Wilson further argues that if the court rejected the plea agreement, it should have afforded him the opportunity to withdraw his plea of guilty as allowed under I.C.R. 11(c)(4).

In analyzing Wilson's contentions, we must answer the following questions: (1) whether the district court accepted the plea agreement and (2) whether the court gave Wilson the opportunity to withdraw his plea of guilty if the court then determined that it would not impose the sentence stipulated by the plea agreement.

Idaho Criminal Rule 11(c) states that before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must, in part, show:

(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that *the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.*

(emphasis added). Idaho Criminal Rule 11(d)(2) requires the disclosure of any plea agreement and, together with Idaho Criminal Rule 11(d)(3) and (4), limits the defendant's right to withdraw the plea depending on the type of agreement entered:

Notice of Such Agreement. If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court ... at the time the plea is offered. If the agreement is of the type specified in subdivision (d)(1)(A), (C) or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (d)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.

I.C.R. 11(d)(2). Idaho Criminal Rule 11(d)(1) contemplates that a defendant may agree to plead guilty to a charged offense or to a lesser or related offense in exchange for the prosecutor's agreement to do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case; or

(D) agree to any other disposition of the case.

I.C.R. 11(d)(1). If the plea agreement falls under Idaho Criminal Rule 11(d)(1)(A), (C) or (D), the district court must advise the defendant whether it accepts or rejects the agreement. I.C.R. 11(d)(3) and (4). If the court rejects the agreement, it must advise the defendant of this in open court and allow the defendant the opportunity to withdraw the plea. I.C.R. 11(d)(4). On the other hand, if the plea agreement falls under Rule 11(d)(1)(B), the district court has no duty to inform the defendant whether it accepts or rejects the proposed sentence and is in no way bound by the sentencing recommendation. I.C.R. 11(d)(2); *State v. Kingston,* 121

Idaho 879, 881, 828 P.2d 908, 910 (Ct.App. 1992).

The resolution of these issues depends on the characterization of the plea agreement under I.C.R. 11(d)(1), and, in particular, whether the plea agreement was binding on the court. When Wilson's guilty plea was accepted, both parties informed the court that pursuant to a plea agreement, Wilson would plead guilty to the charge of delivery of methamphetamine and, in return, the State would dismiss the remaining two charges. The plea agreement provided for a "maximum" unified three-year sentence, with a one-year fixed term, and asked the court to retain jurisdiction for 120 days. The plea bargain was expressly subject to the court's acceptance of the agreed sentence. The record shows that the court accepted Wilson's plea of guilty at the arraignment and at the initial sentencing hearing. The initial disposition—a withheld judgment and probation—was consistent with the agreement. There is no indication in the record that the court intended to reject the plea agreement. The court did not advise Wilson that it was rejecting the plea agreement or give him the opportunity to withdraw his plea of guilty as it would have been required to do under I.C.R. 11(d)(1)(A) and (C). The record does not show that the court gave Wilson this opportunity at any time. Thus, when the district court later revoked probation and entered a judgment of conviction, it was obligated to impose a sentence no greater than the maximum specified in the plea agreement.

The State points to I.C. § 19–2603 which provides that upon revocation of probation under an order withholding judgment, the trial court may "pronounce any judgment which it could originally have pronounced." The State argues that pursuant to this provision the sentence imposed by the court below was not improper. We disagree. By accepting Wilson's plea of guilty, the court—unless it otherwise complied with the requirements of I.C.R. 11(d)(1)(C)—was limited to the terms of the plea agreement, including the sentence to be imposed. Thus, the sentence which the court originally could have pronounced, upon acceptance of Wilson's plea of guilty, was a three-year unified sentence with a one-year minimum period of confinement.

Accordingly, we vacate the sentence imposed and remand this case to the district court for resentencing in accordance with this opinion. Given this decision, we do not reach Wilson's argument that the district court erred in not correcting an illegal sentence under I.C.R. 35.

### CONCLUSION

For the reasons stated above, we affirm the judgment of conviction. However, the five-year unified sentence is vacated and the case is remanded to the district court for resentencing pursuant to the plea agreement.

LANSING and PERRY, JJ., concur.