964 P.2d 670

STATE of Idaho, Plaintiff–Respondent,

v.

Brandy FARMER, Defendant–Appellant.

Nos. 24075, 24077.

Court of Appeals of Idaho.

Sept. 3, 1998.

Hollifield and Bevan, Twin Falls, for Defendant–Appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for Plaintiff–Respondent.

PERRY, Judge.

In these consolidated appeals, Brandy Farmer challenges two orders of the district court revoking probation and ordering execution of her sentences. On appeal, she raises three claims for relief. First, she asserts that at the probation revocation hearing the district court erred in finding that the results of a urinalysis test were credible and reliable. Second, Farmer contends that her right to confrontation was denied at the hearing. Finally, she asserts that the district court abused its discretion in imposing sentence upon revocation of probation. We affirm.

## I.

### BACKGROUND

In March 1996, Farmer pled guilty to possession of a controlled substance, a felony. I.C. §§ 37–2732, –2705(d)(13). The district court granted Farmer a withheld judgment and placed her on probation for two years. On July 13, 1996, a probation violation was filed against Farmer. Farmer admitted the violation. The district court revoked Farmer's withheld judgment. The district court, upon entering a judgment of conviction, however, suspended the sentence, reinstated Farmer on probation and extended the probationary period for three years.

The conduct underlying Farmer's probation violation also led to a conviction for felony possession of a controlled substance. I.C. §§ 37–2732(c)(1), –2707(d)(2). For this crime, Farmer was sentenced to a unified term of incarceration of seven years, with three years fixed. The district court suspended the execution of the sentence and placed Farmer on probation for three years.

On April 21, 1997, a report of violation was filed in both cases, and an evidentiary hearing was held. At this hearing, the state submitted two urinalysis reports, both taken from the same urine sample, which indicated Farmer had tested positive for "amph/methamphetamine." Farmer objected, asserting a lack of foundation for the reports. Farmer also objected on the ground that admission of

the reports violated her right to confrontation. The district court admitted the reports, finding the reports credible and reliable. Additionally, the district court held that there was no violation of Farmer's right of confrontation. Following the hearing, the district court found Farmer in violation of probation based on the reports admitted from her urinalysis test. Farmer's probation in both cases was revoked and her sentences were ordered into execution. The sentences in the two cases were ordered to run concurrently. Farmer appealed.

## II.

### ANALYSIS

**A. Credibility and Reliability of Urinalysis Reports**

■ Farmer asserts that the district court erred in finding that the results of the urinalysis test were credible and reliable.[1] Specifically, Farmer claims that there was no evidence as to the identity of the person who initialed the test report or the person who performed the test, the qualifications of the person performing the test, or the procedures or methods of analysis used in conducting the tests.

■ We begin our analysis by noting that a probation revocation hearing is altogether different from an actual criminal trial. In a probation revocation proceeding, the Idaho Rules of Evidence do not apply. I.R.E. 101(e)(3); *State v. Peters,* 119 Idaho 382, 382, 807 P.2d 61, 61 (1991); *State v. Egersdorf,* 126 Idaho 684, 685, 889 P.2d 118, 119 (Ct.App.1995). However, the admission of evidence is not unbridled; evidence should only be admitted at a probation revocation hearing if it is found to be credible and reliable. *State v. Nez,* 130 Idaho 950, 953, 950 P.2d 1289, 1292 (Ct.App.1997); *Egersdorf,* 126 Idaho at 686, 889 P.2d at 120. We review factual findings under a clearly erroneous standard. I.R.C.P. 52(a); *Egersdorf,* 126 Idaho at 686, 889 P.2d at 120.

1. The state argues that Farmer challenges on appeal only one of the two urinalysis reports. Thus, the state asserts that this Court does not need to reach the merits of Farmer's issue. We are unpersuaded.

In admitting the two urinalysis reports, the district court stated:

> The court finds it is reliable and credible, in that the state has furnished the chain of custody, the actual viewing of the urinalysis, the chain of custody prior to it being sent, the acknowledgment by the lab as to the person who drew the test or observed the test. . . .
>
> The court notes that these tests are used on a pro forma basis by [the] Department of Probation and Parole in any number of previous probation violation hearings wherein defendants have, in fact, admitted to the conduct found in the tests. I find them to be reliable and credible in terms of the foundation, as well as to the results of the test. The court will admit same.

On review, we note that at the probation revocation hearing, the state called several witnesses to establish the foundation for admission of the urinalysis reports, including the circumstances in which the urine sample was taken, its handling and storage, its mailing to the toxicology laboratory and the receipt of the original report and the confirmation/retest report.

Revocation proceedings require less due process than a criminal prosecution and that process must be flexible enough to allow the district court to consider documentary evidence that may not meet the usual evidentiary requirements. *United States v. Simmons,* 812 F.2d 561, 564 (9th Cir.1987), *citing Gagnon v. Scarpelli,* 411 U.S. 778, 789, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In addition, it has been stated that "urinalysis laboratory reports bear substantial indicia of reliability. They are the regular reports of a company whose business it is to conduct such tests, and which expects its clients to act on the basis of its reports." *United States v. Bell,* 785 F.2d 640, 643 (8th Cir.1986) (citation omitted). In this case, reliability is enhanced because, after receiving a report on the initial test, the probation officer requested a

confirmatory test on the same sample. The second test verified the first. We note that Farmer has not challenged the sufficiency of the evidence. Farmer presented no evidence contesting the allegation of her drug usage, the reliability of the testing laboratory or the accuracy of the reports. Nor did Farmer seek to have an independent retest performed on the urine sample. Based on the foregoing, we conclude that the district court's finding that the reports were credible and reliable is not clearly erroneous.

## B. Right to Confrontation

Farmer asserts that her right of confrontation was violated when the district court admitted the urinalysis reports without the testimony of the technicians who performed the tests.[2]

In a probation revocation proceeding, the defendant has the "right to confront and cross-examine adverse witnesses." *State v. Chapman,* 111 Idaho 149, 151, 721 P.2d 1248, 1250 (1986), *quoting Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593; *State v. Wilson,* 127 Idaho 506, 511, 903 P.2d 95, 100 (Ct.App. 1995). *See also Gagnon,* 411 U.S. at 786, 93 S.Ct. 1756. This right to confrontation exists unless the district court "specifically finds good cause for not allowing confrontation." *Id.* As stated earlier, the revocation proceeding should be flexible enough to consider evidence that would not be admissible in an adversary criminal trial. *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593. Thus, although a defendant in a probation revocation proceeding has the right to confront witnesses, it is not equivalent to that afforded a criminal defendant at trial. *Id.; United States v. Martin,* 984 F.2d 308, 310 (9th Cir.1993).

In analyzing whether the defendant's right to confrontation was violated, courts employ a process of balancing the defendant's right to confrontation against the state's good cause for denying it. *Simmons,* 812 F.2d at 564; *California v. Arreola,* 7

---

**2.** Farmer also argues that the district court erred in determining that Farmer's right to confrontation did not apply in a probation revocation proceeding. On review, we conclude that the district court's statement, "I do not find a violation of the right to confrontation in terms of a revocation hearing," does not equate with a ruling that Farmer had no right to confrontation at the hearing.

Cal.4th 1144, 31 Cal.Rptr.2d 631, 875 P.2d 736, 746–47 (1994); *Kansas v. Yura,* 250 Kan. 198, 825 P.2d 523, 530 (1992); *Washington v. Nelson,* 103 Wash.2d 760, 697 P.2d 579, 581 (1985). *See also In re True,* 103 Idaho 151, 155 645 P.2d 891, 895 (1982) (rights cognizable under the Fourteenth Amendment require a balancing of the relative interests of the individual and the state). In evaluating good cause, courts look to both the "difficulty and expense of procuring witnesses," *Gagnon,* 411 U.S. at 782 n. 5, 93 S.Ct. 1756, and the reliability of the evidence, *Simmons,* 812 F.2d at 564. On the other side of the balancing process, the court should weigh the defendant's right to confrontation under the specific circumstances presented in that case. *Martin,* 984 F.2d at 310.

In the case at bar, in weighing good cause, the district court found that the urinalysis reports were credible and reliable.[3] Moreover, as the district court noted at the revocation hearing, Comprehensive Toxicology Services, the company who administered the urinalysis test, was located in Tacoma, Washington. Thus, the state would have had the added expense and difficulty of procuring witnesses from an out-of-state company performing the tests on Farmer's urine sample.

■ In light of the district court's finding that the reports were credible and reliable, and the diminished procedural protections which attach to a probation revocation proceeding, *Simmons,* 812 F.2d at 565, we agree there was good cause for the state to avoid the difficulty and expense of bringing personnel from Comprehensive Toxicology Services to testify. As noted in the *Bell* case, that sort of formal testimony "rarely leads to any admissions helpful to the party challenging the evidence." [4] *See also Jaeger v. State,* 113 Nev. 1275, 948 P.2d 1185, 1189 (1997) (reliability of drug tests eliminated the need to call as witnesses the laboratory technicians who analyzed the probationer's urine samples).

Therefore, for the foregoing reasons, we hold that under the circumstances of this case, the district court did not err in admitting the evidence of the two urinalysis reports over Farmer's right to confrontation objection.

## C. Order for Execution of Sentences

■ Farmer claims the district court erred in ordering execution of her sentence in lieu of retained jurisdiction. Farmer contends that treatment is needed and not a term of incarceration.

As we have previously stated:

Idaho Code § 20–222 prescribes that revocation of probation is within the discretion of the court and may occur at any time during the probation, if the probationer violates any of the terms of the probation. In making its decision, the court examines whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. The court may, after a probation violation has been proven, order the suspended sentence to be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. On review, the appellate court must determine whether the district court acted within the boundaries of its discretion, consistent with any legal standards applicable to its specific choices, and whether the district court reached its decision by an exercise of reason.

*State v. Beckett,* 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct.App.1992) (citations omitted).

Farmer has not alleged that the district court erred in revoking probation. Rather, Farmer only challenges the imposition of sentences. The two sentences in these cases were ordered to run consecutively. However, at the disposition hearing, the district court exercised leniency and ordered that the sentences were to run concurrently.

---

3. The district court did not explicitly find that there was good cause for dispensing with confrontation. A finding to this effect, however, is implicit based on our review of the record. *See State v. Welker,* 129 Idaho 805, 808, 932 P.2d 928, 931 (Ct.App.1997). *See also Bell,* 785 F.2d at 643 n. 3.

4. Our holding is not intended to create a blanket rule admitting all urinalysis laboratory reports in revocation proceedings. Urinalysis evidence, as with every alleged violation of the *"Morrissey* right to confrontation," should be admitted only if the district court has applied the appropriate balancing test. *See Martin,* 984 F.2d at 314.

Having thoroughly reviewed the record in this case, and having further considered the nature of the offenses and Farmer's character, including her two failed attempts at probation, we conclude that the district court did not abuse its discretion in imposing Farmer's sentences upon the revocation of her probation.

### III.

### CONCLUSION

We conclude that the district court's finding that the urinalysis reports were credible and reliable was not clearly erroneous. We hold that Farmer's right to confrontation was not violated when the district court admitted the evidence of the urinalysis reports. We also conclude that the district court did not err in ordering execution of the sentences upon revoking Farmer's probation. Therefore, we affirm the district court's orders revoking probation and ordering into execution her previously suspended sentences.

LANSING, C.J., and EISMANN, J. Pro Tem., concur.