**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42070**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 33 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 15, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL DOUGLAS WHITE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order revoking probation, vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Michael Douglas White appeals from the district court's order revoking his probation. Specifically, he contends his due process rights were violated because he was denied the ability to confront adverse witnesses at the revocation hearing without a finding of good cause by the district court and because the district court applied a lesser standard to the finding that he violated probation. He also argues there was not substantial evidence to support the district court's determination that he committed the violation. For the reasons set forth below, we vacate the district court's order revoking probation and remand the matter for further proceedings.

**I.**

**FACTS AND PROCEDURE**

In 2010, White was charged with felony driving under the influence (DUI). He pled guilty and the district court imposed a unified five-year sentence, with two years determinate, but retained jurisdiction. At the conclusion of the jurisdiction review period, White was placed on probation.

1

In 2013, White was again charged with DUI and driving without privileges. As a result, the State filed a motion alleging a violation of his 2010 probation on the basis that he had committed two new crimes. The State subsequently filed a motion requesting the district court take judicial notice of the 2013 case file, which included minutes of the preliminary hearing (summarizing the testimony of the arresting officer, Officer Koontz, and the magistrate's finding that there was probable cause that White committed felony DUI), as well as an order issued by the magistrate indicating the same. At the evidentiary hearing on the probation revocation, the State indicated that upon the district court taking judicial notice of the 2013 case file, it would rely solely on its contents to prove the probation violations. White objected, contending that by relying only on the contents of the file and not calling any witnesses, the State was violating his right to confront adverse witnesses regarding the alleged violations. The district court disagreed; took judicial notice of the 2013 case file; and based solely on the contents of the file, determined White had violated his 2010 probation by committing the DUI offense.[1] The district court subsequently revoked White's 2010 probation and retained jurisdiction. White now appeals the revocation of his probation.

## II.

## ANALYSIS

White contends the district court violated his right to due process when it denied him the opportunity to confront witnesses at the revocation hearing and when it effectively lowered the State's evidentiary burden at the hearing by relying on a magistrate's probable cause determination to satisfy the standard of finding a probation violation. The determination of whether constitutional requirements have been satisfied in a probation revocation hearing is subject to free review. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007); *State v. Klingler*, 143 Idaho 494, 496, 148 P.3d 1240, 1242 (2006).

Turning first to White's contention that his right to confrontation was affronted, we note that probationers do not enjoy the full panoply of constitutional protections afforded criminal defendants. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *Rose*, 144 Idaho at 765, 171 P.3d at 256; *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (applying *Morrissey* to probationers). A motion to revoke probation is not a criminal prosecution. *Gagnon*, 411 U.S. at

---

[1] The district court determined the State had not met its burden with regard to the driving without privileges charge and that ruling is not at issue on appeal.

2

782; *Rose*, 144 Idaho at 766, 171 P.3d at 257. Consequently, the Sixth Amendment's Confrontation Clause, which grants to criminal defendants the right to confront adverse witnesses, does not apply to probationers. *Rose*, 144 Idaho at 766, 171 P.3d at 257.

Still, a probationer has a protected liberty interest in continuing probation and is therefore entitled to due process before probation may be revoked. *Id.* In *Morrissey*, 408 U.S. at 489, the Court established minimum due process requirements for probation and parole revocation proceedings under the Fourteenth Amendment. Among other protections, a probationer has the "right to confront and cross-examine adverse witnesses" unless the district court "specifically finds good cause for not allowing confrontation." *Id.*; *Rose*, 144 Idaho at 766, 171 P.3d at 257.

In responding to White's contention at the evidentiary hearing that his right to confrontation was violated by the State's sole reliance on the preliminary hearing minutes and order finding probable cause in the 2013 case, the district court responded it had long relied on *Rose*, 144 Idaho 762, 171 P.3d 253, which "says that [the right to confrontation] is very markedly restricted as long as there's a reliability determination that's been made and whether the prior process has the earmarks of reliability." Apparently implicitly finding the documents reliable, the district court then determined that based on the documents, the State met its evidentiary burden establishing a probation violation.

White contends his right to confrontation as set forth in *Morrissey* was violated because the district court disallowed confrontation without "specifically find[ing] good cause for not allowing confrontation." *Morrissey*, 408 U.S. at 489; *Rose*, 144 Idaho at 766, 171 P.3d at 257. The State does not dispute that it did not provide any justification for not presenting any witnesses and that the district court did not make a finding that there was good cause for depriving White of his right to confront witnesses. Rather, the State argues that the good cause analysis "is limited to circumstances in which the probationer or parolee is prevented from confronting adverse evidence" and that the district court did not prevent White from calling any witnesses. In addition, the State contends that White was able to cross-examine the witness at the probable cause hearing. Thus, the State asserts that White was not deprived of his right to confront evidence against him and the court was not required to engage in a good cause analysis.

The State's arguments are unavailing. As White points out, the State's assertion that a defendant's right to confrontation under the Fourteenth Amendment is satisfied if a defendant has the ability to subpoena witnesses would render the nature of this right to confrontation

3

fundamentally different than that secured by the Sixth Amendment's Confrontation Clause. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (rejecting the government's argument that a defendant's ability to call witnesses vitiated the defendant's contention that his Sixth Amendment Confrontation Clause rights were violated by the admission of a laboratory report without live testimony from the preparer of the report, noting that the power to call witnesses under the Compulsory Process Clause or state law "is no substitute for the right of confrontation"). In addition, Idaho case law applying the Fourteenth Amendment's right to confrontation does not support the State's contention that a court must only consider good cause if it has affirmatively prohibited a defendant from calling his own witnesses. In *Rose*, 144 Idaho at 763, 171 P.3d at 254, the State filed a motion in January 2005 alleging Rose violated the terms of his probation by changing residences without permission, using drugs, and absconding from supervision. At the evidentiary hearing, Rose's probation officer testified that she began supervising Rose in December 2004 after his previous probation officer was deployed to Iraq. She then testified at length as to the contents of the previous officer's notes contained in the probation file, an email bulletin she received from the police department stating that Rose had been seen waiting for a taxi to a motel, Rose's grandmother's statements that she had not seen Rose for three days, Rose's girlfriend and her mother's statements that they did not know Rose's whereabouts, and information the probation officer received from a laboratory technician regarding the results of Rose's urinalysis. Although Rose was allowed to cross-examine the probation officer, he objected to her testimony on the basis that her testimony regarding the prior officer's notes and what others told the probation officer constituted impermissible hearsay that violated his right to confrontation. The district court overruled the objection, finding, among other things, that the prior officer's notes were reliable.

In its decision, the Supreme Court noted that on intermediate appeal this Court had determined that the Sixth Amendment right to confrontation set forth in *Crawford v. Washington*, 541 U.S. 36 (2004) was inapplicable to probation revocation proceedings[2] and that the lesser confrontation right afforded as a matter of the lesser due process right under *Morrissey* and *Gagnon* (allowing the right to confront and cross-examine adverse witnesses unless the trial

---

[2] *Crawford's* applicability is not at issue in this case.

4

court finds good cause for not producing the witnesses) were applicable, but were not violated.[3] *Rose*, 144 Idaho at 765, 171 P.3d at 256. The Supreme Court indicated it granted limited review on the *Crawford* issue, thus impliedly affirming this Court's application of the *Morrissey* due process standard to Rose's argument that he was entitled to confront the underlying witnesses (the former probation officer, Rose's grandmother, his girlfriend and her mother, the police officer, and the lab technician), whose hearsay statements were presented at the revocation hearing. And given the indication that Rose had been allowed to call his own witnesses (this Court's opinion specifically mentions that he called his grandmother to testify), it is clear that neither this Court, nor the Idaho Supreme Court, contemplated that *Morrissey's* requirement that a defendant be afforded the right to confront and cross-examine witnesses absent good cause applied only when a defendant was prohibited from calling any witnesses, as the State now argues on this appeal.

A similar approach is evident in *State v. Farmer*, 131 Idaho 803, 806, 964 P.2d 670, 673 (Ct. App. 1998). There, Farmer was on probation for two different judgments of conviction. A report of violation was filed in both cases and an evidentiary hearing was held. At the hearing, the State submitted two urinalysis reports, both indicating that Farmer testified positive for a controlled substance. Farmer objected to use of the reports arguing, among other things, that they violated her right to confrontation. The district court admitted the reports, finding them credible and reliable and determining there was no violation of Farmer's right of confrontation. Finding Farmer in violation of probation based on the reports, the court revoked her probation in both cases.

On appeal, Farmer argued that her right to confrontation was violated when the district court admitted the urinalysis reports without the testimony of the technicians who performed the

---

[3] Specifically, after setting forth in detail the considerations relevant to a finding of "good cause," this Court determined: (1) in regard to the contents of the prior probation officer's file, admission of this evidence was harmless because it went to a charge that was ultimately dismissed; (2) because Rose called his grandmother to testify on his behalf, he was not deprived of the right to confront and cross-examine her as a witness; (3) that although it was not clear whether the State had the requisite good cause for not producing the police officer who sent the bulletin, Rose's girlfriend and the girlfriend's mother, Rose's due process rights were not violated because the inability to cross-examine was not prejudicial; and (4) even if it was error to admit the probation officer's testimony regarding the lab technician's statements, it was harmless and did not violate Rose's due process right to confront witnesses. *State v. Rose*, Docket No. 31966, (Ct. App. May 30, 2006) (unpublished).

5

tests. This Court first noted the *Morrissey* requirement that a defendant in a revocation proceeding has the right to confront and cross-examine adverse witnesses and that this right exists unless the district court "specifically finds good cause for not allowing confrontation." *Farmer*, 131 Idaho at 806, 964 P.2d at 673. This Court continued, discussing the analysis applicable to such an inquiry:

> In analyzing whether the defendant's right to confrontation was violated, courts employ a process of balancing the defendant's right to confrontation against the state's good cause for denying it. [*United States v. Simmons*, 812 F.2d 561, 564 (9th Cir. 1987)]; *California v. Arreola*, 875 P.2d 736, 746-47 (1994); *Kansas v. Yura*, 825 P.2d 523, 530 (1992); *Washington v. Nelson*, 697 P.2d 579, 581 (1985). *See also In re True*, 103 Idaho 151, 155, 645 P.2d 891, 895 (1982) (rights cognizable under the Fourteenth Amendment require a balancing of the relative interests of the individual and the state). In evaluating good cause, courts look to both the "difficulty and expense of procuring witnesses," *Gagnon*, 411 U.S. at 782 n.5, and the reliability of the evidence, *Simmons*, 812 F.2d at 564. On the other side of the balancing process, the court should weigh the defendant's right to confrontation under the specific circumstances presented in that case. [*United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993)].

*Farmer*, 131 Idaho at 806-07, 964 P.2d at 673-74.

Turning to the facts in *Farmer*, this Court noted,

[I]n weighing good cause, the district court found that the urinalysis reports were credible and reliable.[] Moreover, as the district court noted at the revocation hearing . . . the company who administered the urinalysis test was located in Tacoma, Washington. Thus, the state would have had the added expense and difficulty of procuring witnesses from an out-of-state company performing the tests on Farmer's urine sample.

In light of the district court's finding that the reports were credible and reliable, and the diminished protections which attach to a probation revocation proceeding, *Simmons*, 812 F.2d at 565, we agree that there was good cause for the state to avoid the difficulty and expense of bringing personnel from [the testing company] to testify.[4]

---

[4] This Court noted that although the district court had not explicitly found there was good cause for dispensing with confrontation, a finding to that effect was implicit based on its review of the record. *State v. Farmer*, 131 Idaho 803, 807 n.3, 964 P.2d 670, 674 n.3 (Ct. App. 1998). This was likely based on the district court's acknowledgment of the difficulty in procuring the requisite witnesses.

*Id*. at 807, 964 P.2d at 674.[5]

Put simply, we are not inclined to disregard the approaches taken in *Rose* and *Farmer* (thereby disregarding *Farmer's* entire discussion of the considerations attendant to a good cause analysis), disregard the plain language of *Morrissey*, and fundamentally distinguish confrontation in the Fourteenth Amendment context from that under the Sixth Amendment without convincing authority. None has been provided here. The State's reiteration of the "flexible" nature of due process in this context, as referenced in both *Morrissey* and *Rose*, does little to move the dial. As we discussed in *Farmer*, the good cause balancing test that courts are required to consider is not onerous; in fact, it allows for a common sense, flexible balancing of the interests by the court in determining whether to allow documentary or hearsay evidence in lieu of live testimony.[6] Accordingly, we hold that *Morrissey's* requirement that a probationer be afforded the "right to confront and cross-examine adverse witnesses" unless the district court "specifically finds good cause for not allowing confrontation," *Morrissey*, 408 U.S. at 489, applies regardless of whether the district court allows the probationer to call witnesses.

Since the State does not dispute that it did not provide any justification for not presenting any witnesses and that the district court did not make a finding that there was good cause for depriving White of his right to confront witnesses, we can readily say that consideration of the 2013 minutes was not allowed. As these minutes were the sole basis for the district court's

---

[5] As we further discussed in *Farmer*, another factor (not present in this case) was at play. Specifically, this Court noted that formal testimony in regard to laboratory results, "rarely leads to any admissions helpful to the party challenging the evidence." *Farmer*, 131 Idaho at 807, 964 P.2d at 674 (citing *United States v. Bell*, 785 F.2d 640, 643 (8th Cir. 1986) and *Jaeger v. State*, 948 P.2d 1185, 1189 (1997) (reliability of drug tests eliminated the need to call as witnesses the laboratory technicians who analyzed the probationer's urine samples)). This fact, in combination with the reasons discussed above, led this Court to hold that under the circumstances of that case, the district court did not err in admitting the evidence of the two urinalysis reports over Farmer's right to confrontation objection.

We took pains, however, to explain that our holding in this regard was "not intended to create a blanket rule admitting all urinalysis laboratory reports in revocation proceedings. Urinalysis evidence, as with every alleged violation of the *Morrissey* right to confrontation, should be admitted *only if the district court has applied the appropriate balancing test*." *Farmer*, 131 Idaho at 807 n.4, 964 P.2d at 674 n.4 (internal citations omitted) (emphasis added).

[6] As White points out, the only witness called in the case, Officer Koontz, was a local police officer who, just weeks prior to the probation hearing in this case, had provided testimony before a magistrate in the 2013 case.

finding that a probation violation occurred, that finding is in error.[7] The district court's order revoking White's probation is vacated and this matter is remanded to the district court.

Chief Judge MELANSON **CONCURS**.

Judge GRATTON, **SPECIALLY CONCURRING**

I concur with the majority opinion. However, I would add a strong caution against using the mere minutes from a probable cause hearing and the order finding probable cause as the sole basis of proof of a probation violation, particularly one involving a separate crime. Such minutes are a summary of testimony, not testimony. In this instance, the district court, at best, made only an implied finding of reliability. *See State v. Farmer*, 131 Idaho 803, 806, 964 P.2d 670, 673 (Ct. App. 1988) (requiring a reliability finding). In addition, the district court made no express findings as to any purported facts supporting the determination of probation violation. *See State v. Chapman*, 111 Idaho 149, 152-153, 721 P.2d 1248, 1251-1252 (1986) (requiring findings). Consequently, it is made to appear that the court merely applied the probable cause determination itself as sufficient to establish the probation violation when a greater showing is required. *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972) (evidentiary hearing "must be the basis for more than determining probable cause"). While proof of a recent conviction would support a finding of a probation violation, it is not a prerequisite. *State v. Wilson*, 127 Idaho 506, 510-11, 903 P.2d 95, 99-100 (Ct. App. 1995). This is so, because a probation violation, unlike a criminal conviction, need not be proven beyond a reasonable doubt. *State v. Dempsey*, 146 Idaho 327, 329, 193 P.3d 874, 876 (Ct. App. 2008). Nonetheless, more than a finding of probable cause is necessary and citation to the probable cause hearing minutes and order, without more, is in my view insufficient.

---

[7] Given our disposition of this issue, we need not reach White's alternate arguments: that the district court effectively lowered the State's evidentiary burden at the hearing by relying on a magistrate's probable cause determination to satisfy the standard of finding a probation violation and that the district court's finding of a probation violation was clearly erroneous because there was "no evidence" to support the determination.