Judge GRATTON,
specially concurring.
I concur with the majority opinion. However, I would add a strong caution against using the mere minutes from a probable cause hearing and the order finding probable cause as the sole basis of proof of a probation violation, particularly one involving a separate crime. Such minutes are a summary of testimony, not testimony. In this instance, the district court, at best, made only an implied finding of reliability. See State v. Farmer, 131 Idaho 803, 806, 964 P.2d 670, 673 (Ct.App.1998) (requiring a reliability finding). In addition, the district court made no express findings as to any purported facts supporting the determination of probation violation. See State v. Chapman, 111 Idaho 149, 152-153, 721 P.2d 1248, 1251-1252 (1986) (requiring findings). Consequently, it is made to appear that the court merely applied the probable cause determination itself as sufficient to establish the probation violation when a greater showing is required. See Morrissey v. Brewer, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603-04, 33 L.Ed.2d 484, 498-99 (1972) (evidentiary hearing “must be the basis for more than determining probable cause”). While proof of a recent conviction would support a finding of a probation violation, it is not a prerequisite. State v. Wilson, 127 Idaho 506, 510-11, 903 P.2d 95, 99-100 (Ct.App.1995). This is so, because a probation violation, unlike a criminal conviction, need not be proven beyond a reasonable doubt. State v. Dempsey, 146 Idaho 327, 329, 193 P.3d 874, 876 (Ct.App.2008). Nonetheless, more than a finding of probable cause is necessary and citation to the probable cause hearing minutes and order, without more, is in my view insufficient.