968 P.2d 1100

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Daniel PRELWITZ,
Defendant–Appellant.**

No. 24438

Court of Appeals of Idaho.

Dec. 9, 1998.

Deborah A. Whipple, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from an order revoking probation. For the following reasons, we reverse.

James D. Prelwitz pleaded guilty to grand theft, I.C. § 18–2403, and obstructing and delaying an officer, I.C. § 18–705, in December, 1994. The district court imposed a unified five-year sentence with two years fixed for grand theft, but suspended judgment and placed Prelwitz on probation for five years. The court also imposed a 163–day jail sen-

tence for obstructing an officer but gave Prelwitz credit for 163 days served.

Shortly after sentencing, Prelwitz was extradited to Oregon to face pending criminal charges there. He was placed on probation in Oregon, but his probation was revoked when he violated the terms of his Oregon probation. As a result, Prelwitz was incarcerated in Oregon for six months. Upon his release, he was extradited to Idaho pursuant to a bench warrant to face charges that he had violated the terms of his probation agreement with the State of Idaho.

At a hearing on the matter, Prelwitz admitted having violated his probation agreement. The district court found Prelwitz in violation but reinstated probation with an additional term, referred to as "Condition 1":

> The defendant shall serve ninety (90) days in the Canyon County Jail, but may be released when, the Court has received statements from the defendant's Idaho probation officer and Oregon parole officer, advising the Court that, the Oregon parole officer will supervise the defendant on his Idaho probation, and when the defendant becomes involved in the in-patient treatment facility, at the Carlton House in Eugene, Oregon.

The provisions of this condition regarding treatment at the Carlton House in Eugene, Oregon were never effectuated because the State of Oregon refused to supervise Prelwitz's probation and he was denied entry to the State of Oregon. Consequently, Prelwitz served the full ninety days in the Canyon County jail, thereby satisfying this condition in its entirety.

Prelwitz thereafter voluntarily entered the Adult Rehabilitation Program at the Salvation Army in Boise. He apparently advised his probation officer of his situation, and the probation officer then wrote a letter to the district court asking it to modify Condition 1 to allow supervision in Idaho and to require Prelwitz to successfully complete the Salvation Army treatment program in Boise. The district court responded that all of the parties would have to agree to the Department's request for modification. Defense counsel then filed a motion to modify the terms of Prelwitz's probation, in accordance with the

probation officer's request, and scheduled a hearing on the motion.

The day after defense counsel's motion was filed, Prelwitz's probation officer filed a report of probation violations. The report alleged that Prelwitz had violated two conditions of probation. First, it asserted that Prelwitz had violated Condition 1 by being terminated from the Salvation Army program for violating its rules. Second, it alleged that, by possessing certain items from the Salvation Army Thrift Store that were "not purchased through the proper channels," Prelwitz had violated the condition that he disobey no penal laws.

The court minutes of the arraignment hearing on the report of probation violations indicate that Prelwitz appeared without counsel and requested appointment of an attorney. The court granted the request and asked a public defender who was in the courtroom to discuss the matter with Prelwitz. Prelwitz consulted with the attorney for an unspecified length of time, and when the hearing resumed, he admitted the first alleged violation but denied the second.

After this arraignment, but before an evidentiary hearing on the second charged violation, the motion to modify Prelwitz's probation terms came on for hearing. Defense counsel sought and was granted a continuance, however, so the court did not act on the motion. At a subsequent evidentiary hearing, the district court heard evidence offered by the State to show that Prelwitz had committed the second alleged violation. Without making an express finding as to whether the second violation was proved, the court then revoked Prelwitz's probation and ordered the sentences executed.

Prelwitz appeals to this Court, arguing that revocation of his probation was error because: (a) successful completion of the Salvation Army Adult Rehabilitation Program was not a condition of his probation and therefore cannot serve as the basis for a probation violation, and (b) the State did not prove the second alleged violation.

## A. Alleged Violation by Failing to Complete Salvation Army Program

■ We consider first Prelwitz's argument that participation in the Salvation Army pro-

gram was never a condition of his probation. The State asserts that Prelwitz has waived this issue by his failure to raise it in the court below. Prelwitz, however, counters that this is a matter of fundamental error and may, therefore, be raised for the first time on appeal. Error that is fundamental "must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Sarabia,* 125 Idaho 815, 818, 875 P.2d 227, 230 (1994) (quoting *State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1993)).

■ We agree with Prelwitz that this issue presents a claim of fundamental error. The non-existence of a probation condition that the State alleges to have been violated certainly "go[es] to the foundation of the case" in a probation violation proceeding. To accept a defendant's admission to violating a term that was never part of his probation agreement is, we believe, taking from the defendant a right "which was essential to his defense and which no court could or ought to permit him to waive." Manifestly, revoking probation for violation of a non-existent term of which the defendant had no notice is not consistent with due process. *See Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973) (holding that it was a deprivation of due process to find that a probationer had violated probation by failing to immediately report that he had received a traffic citation where such reporting was not required as a term of the probation). Because this amounts to an issue of fundamental error, we will consider the merits of Prel-

witz's claim, despite his failure to raise it below.

■ We conclude that Prelwitz's termination from the Salvation Army treatment program did not violate a condition of his probation. It is clear from the record that the motion to modify Condition 1 of Prelwitz's probation was never acted upon by the court.[1] It appears that everyone (except perhaps the defendant), including the prosecutor, defense counsel and the court, was aware that the modification of Prelwitz's probation conditions to add completion of the Salvation Army treatment program as a term had never been accomplished, yet all acquiesced in the determination that he had violated this "condition." This was error. Because the proposed requirement that Prelwitz successfully complete the Salvation Army program was never made a condition of probation, it cannot serve as the predicate for a finding of a violation.[2]

The State contends that Prelwitz's admission of guilt eliminates the question of whether sufficient evidence existed to support the district court's finding of a violation, but this argument misses the mark. Prelwitz has not challenged the sufficiency of the evidence to show that he was terminated from the Salvation Army program. Rather, he has asserted, and we agree, that it was fundamental error for the court to accept his admission to having violated a term that was never a condition of his probation.[3]

## B. Alleged Violation of Penal Laws

The second reported violation alleged that Prelwitz breached the condition that he "shall violate no State, Federal or Municipal

---

1. The original Condition 1 never required participation in the Carlton House treatment program; rather, it allowed Prelwitz the option of enrolling in that in-patient treatment facility in lieu of serving some or all of the ninety-day term in the Canyon County jail. Since Prelwitz was never admitted to the Carlton House, he completed the ninety days in the Canyon County jail and thereby completed performance of Condition 1.

2. Moreover, it appears that the defense motion to add this probation condition was not filed until after Prelwitz had already been terminated from the Salvation Army program. Therefore, even if the requested new probation condition had been

adopted by the court, it could not have been applied retroactively to find Prelwitz in violation based upon conduct that was not a violation of any probation term when the conduct occurred.

3. We observe that instead of presenting this issue for the first time on direct appeal, Prelwitz could have, perhaps more expeditiously, presented it in a post-conviction relief action. He could have asserted that he received ineffective assistance of counsel at the probation violation arraignment hearing when appointed counsel apparently advised or acquiesced in Prelwitz's admission to having violated a non-existent probation term.

penal law." According to the report of violation, Salvation Army staff members had discovered items in Prelwitz's room that were "identified as coming from the Salvation Army Thrift Store and were not purchased through proper channels." By this allegation, the State apparently was asserting that Prelwitz had stolen certain items from the Salvation Army store. Prelwitz contends that this allegation was not proved at the evidentiary hearing.

The State bears the burden of providing satisfactory proof of a probation violation though proof beyond a reasonable doubt is not required. *State v. Kelsey,* 115 Idaho 311, 314, 766 P.2d 781, 784 (1988). Our inquiry on review is whether substantial and competent evidence was presented at the hearing which would support a finding of a violation. *State v. Egersdorf,* 126 Idaho 684, 686, 889 P.2d 118, 120 (Ct.App.1995); *State v. Lafferty,* 125 Idaho 378, 381, 870 P.2d 1337, 1340 (Ct.App.1994).

Prelwitz is correct in asserting that the State did not meet its burden here, for the State's evidence was insufficient to prove that Prelwitz committed a theft or any other violation of a penal law. Steve Dyer, the Salvation Army program director, testified at the probation revocation hearing that Salvation Army staff members had found in Prelwitz's room several items that had not been included in the inventory of his belongings when he entered the program and had not been added to his inventory thereafter. He also testified that Prelwitz had been in possession of the items "without the proper paperwork," and that Prelwitz did not have receipts for them. However, Dyer did not testify that he or any staff member recognized the items as having come from the Salvation Army store. He admitted that Prelwitz "may have purchased [the items] and didn't follow through" with the paperwork. Further, he acknowledged that when Prelwitz was in the Salvation Army program, he had the opportunity to leave the center

and therefore could have purchased the items at stores other than the Salvation Army store.[4] In the absence of evidence that the items were stolen from the Salvation Army Thrift Store, the State's evidence was insufficient to prove the allegations of the second reported probation violation or that Prelwitz had violated any law.

Moreover, the district court made no finding that Prelwitz had violated any state, federal or municipal penal law. At the conclusion of the evidentiary hearing, the court found only that the State had proven that Prelwitz violated Salvation Army rules:

> The [court] does find that the defendant was terminated from the Salvation Army program for rules violations based upon his admissions as well as a program policy violation, a rule violation of having inventory in his possession, without having a receipt or following the appropriate procedures after having been made aware of those procedures.[5]

Hence, there is neither a finding that Prelwitz committed the second alleged violation nor evidence to support such a finding had it been made.

## CONCLUSION

In summary, as to the first alleged violation, the State failed to show the existence of a condition of probation that could have been violated, and as to the second, the State failed to prove its allegations. Therefore, the revocation of Prelwitz's probation cannot be sustained, and his probation must be reinstated.

The order of the district court revoking Prelwitz's probation and directing execution of his sentence is reversed.

Judge PERRY and Judge SCHWARTZMAN, concur.

4. Prelwitz testified that he purchased one of the items at a pawn shop and received the others from acquaintances.

5. The district court's written amended judgment and commitment recites that the court found that Prelwitz "committed the offenses alleged in the report of violation," but the oral findings made from the bench contradict this statement.