**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44545**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 60 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 15, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| NICHOLAS SHANE CLAUSEN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order finding probation violation, revoking probation, imposing sanction, and retaining jurisdiction, <u>reversed</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Nicholas Shane Clausen appeals from the district court's order finding probation violation, revoking probation, imposing sanction, and retaining jurisdiction. Clausen argues the order should be reversed because the district court did not make an express finding that his probation violation was willful. The district court's order is reversed and the case remanded.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Clausen pleaded guilty[1] to grand theft. The district court imposed a unified sentence of five years, with two years determinate, suspended the sentence, and placed Clausen on a period of supervised probation for two and one-half years. As a condition of Clausen's probation, he was required to successfully complete mental health court. However, Clausen was

_____

[1] Clausen entered an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

terminated from the mental health court program due to noncompliance with its rules. At a probation violation hearing, Clausen admitted his termination from mental health court constituted a violation of his probation. The willfulness of the probation violation was not expressly addressed by the State, Clausen, or the district court. The district court revoked Clausen's probation and executed the five-year sentence, with two years determinate, and retained jurisdiction. Clausen timely appealed.

## II.

## STANDARD OF REVIEW

"Review of a probation revocation proceeding involves a two-step analysis. First, it is determined whether the terms of probation have been violated. If they have, it is then determined whether the violation justifies revocation of the probation." *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017) (citations omitted).

> With regard to the first step, a district court may revoke probation only upon evidence that the probationer has violated probation. . . . A court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. . . .
> As to the second step, the decision whether to revoke a defendant's probation for a violation is within the discretion of the district court. Thus, we review a district court's decision to revoke probation under an abuse of discretion standard.

*State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003) (citations omitted).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

Preliminarily, this Court notes the State's argument that this case should be reviewed for fundamental error. The fundamental error analysis articulated in *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010) did not replace the abuse of discretion standard applicable to claims that a district court erred in revoking probation. If the *Perry* opinion intended to replace the abuse of

discretion standard with a fundamental error standard, almost every direct appeal from an underlying criminal case would be reviewed for fundamental error, as criminal procedural rules stem from constitutional provisions. We do not read *Perry* that broadly. The appropriate, two-step abuse of discretion standard of review is set forth above.

Clausen contends the district court abused its discretion by revoking his probation because it did not make an express finding that his probation violation was willful. In support of this argument, Clausen directs the Court to the language of Idaho Criminal Rule 33(f) and *Garner*, which applies this rule. Clausen also raises a due process argument in his reply brief, but because it was not addressed in his initial brief before this Court, we do not address it. *Monahan v. State*, 145 Idaho 872, 877, 187 P.3d 1247, 1252 (Ct. App. 2008).

Idaho Criminal Rule 33(f) states a trial court may not revoke probation unless "there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation."[2] In *Garner*, the Idaho Supreme Court reviewed a district court's finding that a defendant willfully violated a condition of probation. *Garner*, 161 Idaho at 712-13, 390 P.3d at 438-39. After a probation revocation hearing, the district court entered an amended judgment which contained an express finding that the defendant was in willful violation of a term of his probation which required he abide by a no-contact order. *Id.* at 712, 390 P.3d at 438. On appeal, the defendant challenged the finding as being unsupported by substantial and competent evidence, but limited his challenge to whether the violation was willful. The Idaho Supreme Court reviewed the evidence before the district court to determine if the district court could infer willfulness from the evidence presented at the probation revocation hearing. In that review, the Court noted the defendant was sitting in a vehicle near the victim's place of employment, the defendant looked and smiled at the victim through his rearview mirror, the defendant sent a text message to a friend stating the victim would "bust" him for being there, and the defendant gave inconsistent explanations for his presence near the victim's place of employment. From this evidence, the Court determined the district court's finding that the

---

[2]     Idaho Criminal Rule 33(f) was amended in 2012 to include the quoted language. The Criminal Rules Advisory Committee minutes indicate the "Committee considered whether this rule should be amended to reiterate that a violation of probation must be willful." The Committee noted that this "is already the law but some have been concerned about revocation of probation, particularly in the area of nonpayment of fines, without a finding that it was a willful violation, especially since no finding of ability to pay is required before a fine is imposed."

defendant willfully violated a term or condition of his probation was supported by substantial and competent evidence because the district court "could reasonably infer" that the defendant's violation of probation was willful. *Id.* The Court also determined the district court did not abuse its discretion in revoking the defendant's probation after it made this finding. *Id.* at 713.

As Clausen argues, *Garner* is distinguishable from the facts of his case. In *Garner*, the district court made an express finding of willfulness, which was then reviewed for substantial and competent evidence by the Idaho Supreme Court. However, here, the district court did not make an express finding of willfulness, leaving this Court with nothing to review for substantial and competent evidence or otherwise. Even if this Court proceeded to examine the evidence presented at the probation revocation hearing to determine if the district court made an implicit finding of willfulness, the evidence does not support such a finding.

During the probation revocation hearing, neither party articulated which specific rules of mental health court Clausen violated in order to merit termination. Additionally, no exhibits were entered into evidence to specifically identify the rules Clausen had broken, although Clausen admitted he had been terminated from the mental health drug program due to noncompliance with its rules. Clausen also spoke directly to the district court about an incident involving prescription drugs. He stated that without consulting mental health court officials, he obtained a prescription for pain medication and antibiotics which he then filled at a pharmacy. He stated that while he was waiting for the prescription to be filled at the pharmacy, he called an official at the mental health court to notify him about the prescription. The official said he would fax paperwork to the doctor, and after receiving the paperwork from the doctor, the official authorized Clausen to take the medication. Clausen then stated that the next day the mental health court sanctioned him for these actions, claiming that Clausen's actions broke mental health court rules. Clausen said that during the time he was serving his three-week sanction in jail, the mental health court decided to terminate him from the program. Thus, it can be inferred that one rule of the mental health court was to not see a doctor, obtain a prescription, or take medication without providing notice to the mental health court. However, it cannot be inferred from Clausen's statements that Clausen broke this rule willfully. If true, based on the assurance Clausen stated he received, Clausen may have believed his actions were compliant with the rules rather than willful violations of the rules.

4

Also during the hearing, Clausen's probation officer was asked, "Can you please describe for the Court some of the behavior that led to your authoring this report of violation?" The probation officer offered a lengthy reply, during which counsel for the State interjected with clarifying questions. The officer testified that Clausen was on the fence about the program; that he struggled accepting the challenges of the program; that he was argumentative, confrontational, and verbally abusive; that he threatened lawsuits against officers; that he was kicked out of several transitional homes; and that he was not ready to be accountable for his actions. While this may amount to disagreeable behavior, these statements do not indicate any particular mental health court rules that were broken nor do they indicate that Clausen broke them willfully, particularly so because Clausen was diagnosed with antisocial personality disorder. Thus, the evidence provided at the probation revocation hearing would not support an implicit finding of willfulness by the district court.

Because the district court revoked Clausen's probation without making an express finding of willfulness, and because there is not sufficient evidence in the record from which willfulness could be inferred, the district court abused its discretion. Although the district court correctly perceived the revocation issue as one of discretion, it did not act consistently with the legal standard requiring an express finding of willfulness and, thus, its revocation of Clausen's probation lacked an exercise of reason.[3]

The State asserts that the district court's abuse of discretion was harmless because regardless of the error, Clausen admitted he violated a term of his probation, a fact that controls the case and would not change the district court's decision even if it had made an express finding of willfulness. However, if full review of the evidence by the district court does not support a finding of willfulness then revocation would be inappropriate. Based on the record in this case, we cannot say the district court's error was not harmless.

---

[3] To avoid uncertainty in future cases, we note that a better practice would be for the district court to accept an admission of a probation violation only if a defendant also admits the violation was willful. Additionally, allegations of probation violations should list the specific rule violated, rather than the broad rule (as was done in this case), because the district court will necessarily have to look at all the actions of the defendant that led to the termination in order to determine whether being terminated from mental health court was willful. For example, a belief that the defendant is simply not ready to be successful in a problem-solving court may be a basis to terminate someone's participation in a problem-solving court, but it is not a basis on which probation could be revoked absent specific behaviors that violated specific rules.

Clausen asserts that because the district court abused its discretion by not making an express finding of willfulness, this Court's decision in *State v. Prelwitz*, 132 Idaho 191, 968 P.2d 1100 (Ct. App. 1998) mandates that Clausen's probation be continued. In *Prelwitz*, this Court directed the district court to reinstate a defendant's probation, but only because this Court also found that the defendant had not violated his probation. *Id.* at 194, 968 P.2d at 1103. Here, Clausen admitted to a violation of his probation. Thus, the district court must now determine whether the violation was willful and if so, whether Clausen's probation should be revoked.

## IV.

## CONCLUSION

The district court abused its discretion when it revoked Clausen's probation without an express finding or admission of willfulness. We reverse the district court's order revoking probation and imposing the underlying sentence and remand the case to the district court for further action consistent with this opinion.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.