**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47203**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 19, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TIMOTHY LAMONT GRAY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Steven Boyce, District Judge.

Order revoking probation, <u>reversed</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Timothy Lamont Gray appeals from the district court's order finding Gray violated the terms of his probation, revoking probation, and retaining jurisdiction. Gray argues the order should be reversed for multiple reasons. Gray argues the State failed to prove he violated a condition of his probation. He also contends that the district court erroneously revoked his probation without expressly finding that the violations were willful. Finally, Gray argues the evidence used to support the findings was admitted in violation of his due process rights. For the reasons set forth below, the district court's order is reversed and the case is remanded.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, Gray pleaded guilty to aggravated battery by use of a deadly weapon or instrument and fleeing or attempting to elude a police officer in a motor vehicle. The district

1

court retained jurisdiction for one year, but after a period of retained jurisdiction, suspended the sentence and placed Gray on supervised probation. Shortly thereafter, Gray moved to Wisconsin, and his supervision was transferred to the Wisconsin Department of Corrections.

In January 2019, the Wisconsin Department of Corrections submitted a "Violation Report Requiring Retaking" to Idaho, alleging Gray violated his probation and provided Gray with a "Notice of Interstate Compact Probable Cause Hearing" which notified Gray that his probation officer requested that Gray be returned to Idaho because of his alleged probation violations. The notice alleged that Gray violated Wisconsin Rules of Supervision ST 001 and ST 013. Wisconsin Rule of Supervision ST 001 requires probationers to "[a]void all conduct which is in violation of federal or state statute, municipal or county ordinances, tribal law or which is not in the best interest of the public welfare or [probationer's] rehabilitation." Wisconsin Rule of Supervision ST 013 requires probationers to "[o]btain permission from [probationer's] agent prior to purchasing, possessing, owning or carrying a firearm or other weapon, or ammunition, including incapacitating agents."

The magistrate court in Wisconsin conducted a probable cause hearing, which is similar to an Idaho probation violation evidentiary hearing. The Wisconsin court considered an email from Gray's former employer describing an incident between Gray and a staff member; a statement from Gray's mother describing text messages Gray sent to multiple relatives asking where he could purchase a gun; copies of the text messages; and testimony from Christine Riggs, Gray's probation officer, about Gray's behavior throughout his time on probation. Gray provided a statement and testified before the Wisconsin court during the probable cause hearing. Based on the evidence, the magistrate court found probable cause to believe Gray committed the alleged violations.[1]

The State of Idaho then filed an Interstate Compact Report of Violation (Idaho Report of Violation), alleging two violations of the terms and conditions of an Idaho Department of Correction Agreement of Supervision (IDOC Agreement).

---

[1]     Plaintiff's Exhibit F is entitled "Scarpelli Hearing Worksheet used in determining need for Counsel." That exhibit indicates that Gray asked for, but was denied, counsel for the probation violation evidentiary hearing in Wisconsin. The exhibit also indicates that after the magistrate court found probable cause of the probation violations, Gray again asked for the assistance of counsel and the magistrate court again denied the appointment of counsel. It is not clear on what basis counsel was denied.

Under the first alleged violation, the State alleged Gray violated three Idaho provisions:

COURT ORDER TERMS AND CONDITION (1), which states: "The probation is granted to and accepted by the probationer, subject to all the terms and conditions specified in the Conditions of Probation and the Department of Correction Agreement of Supervision, which must be obeyed, a copy of which is attached hereto and made a part hereof by this reference, and with the understanding that the Court may at any time, in case of violation of the terms of the probation, cause the probationer to be returned to the Court for the imposition of sentence as prescribed by law."

IDAHO DEPARTMENT OF CORRECTION AGREEMENT OF SUPERVISION (4), which states: **Firearms and Weapons:** "The probationer will not purchase, carry, possess, or have control of any firearms, chemical weapons, electronic weapons, explosives, or other weapons. Any weapons or firearms seized may be forfeited to the Department of Correction for disposal. The probationer will not reside at any location where firearms are present."

IDAHO DEPARTMENT OF CORRECTION AGREEMENT OF SUPERVISION (14), which states: **Intrastate/Interstate Violations:** "If allowed to transfer supervision to another district or state, the defendant agrees to accept any violation allegation documents purportedly submitted by the agency/officer supervising the defendant in the receiving district or state as admissible into evidence as credible and reliable. The defendant waives any right to confront the author of such documents."

In the summary of the first alleged violation, the State relied on the Violation Report Requiring Retaking[2] submitted by Riggs, as the basis for the violation.

Under the second alleged violation, the State listed one provision:

IDAHO DEPARTMENT OF CORRECTION AGREEMENT OF SUPERVISION (12), which states: **Evaluation and Program Plan:** "The defendant will obtain any treatment evaluation deemed necessary as ordered by the Court or requested by any agent of the Department of Correction. Defendant will meaningfully participate in and successfully complete any treatment, counseling or other programs deemed beneficial as directed by the Court or any agent of the Department of Correction. Defendant understands he may be required to attend treatment, counseling or other programs at my own expense."

In the summary of the violation, the State alleged that Gray behaved inappropriately at Bridge Health Clinics, his Wisconsin treatment facility, and failed to complete a relapse plan given to him by a treatment facilitator. Gray was discharged from treatment for "threatening behavior" with the recommendation that he enroll in anger management treatment.

---

[2] The Idaho Report of Violation refers to a "Report of Violation submitted by Wisconsin Probation and Parole Officer, Christine Riggs." Based on the record, it appears the Idaho Report of Violation is referencing the Violation Report Requiring Retaking.

The district court issued an arrest warrant, and Gray was arrested and returned to Idaho. Gray denied the alleged violations and the district court held an evidentiary hearing. At the hearing, the State introduced the Idaho Report of Violation. In doing so, the State referenced an Interstate Compact Agreement, a document that governed the transfer of Gray's probation transfer from Idaho to Wisconsin and presumably contained the terms of the IDOC Agreement. The State also referenced the IDOC Agreement. However, the State did not introduce the Interstate Compact Agreement or the IDOC Agreement as exhibits during the hearing.[3]

Gray made several objections during the hearing. First, he objected to the admission of the Idaho Report of Violation, arguing that admitting it without allowing Gray to confront Riggs, the author of the Violation Report Requiring Retaking, on which the Idaho Report of Violation was based, violated his right to cross-examine adverse witnesses. Second, he argued that although the State claimed Gray waived his right to cross-examine witnesses when he signed the Interstate Compact Agreement, the State had failed to produce a copy of the Interstate Compact Agreement. Therefore, there was no evidence that Gray had actually signed the agreement or otherwise waived his right to cross-examine out-of-state witnesses. Third, Gray argued the Idaho Report of Violation lacked sufficient reliability.

The district court overruled Gray's objections and found that the Idaho Report of Violation, which referenced Rule 14 of the IDOC Agreement (a document not in evidence), indicated that Gray knowingly waived his right to cross-examine out-of-state witnesses in exchange for being granted an interstate compact. Additionally, the district court found good cause existed for the hearing to proceed without the presence of Wisconsin Probation Officer Riggs based on the distance between Idaho and Wisconsin; the nature of the case as an interstate compact case; and, as noted above, that Gray waived the right to confront witnesses or otherwise challenge documents admitted against him.

The State also introduced a copy of the Wisconsin Rules of Supervision. The State, however, acknowledged the document was only "purported" to be signed by Gray and the State did not produce any evidence to establish the signature was Gray's signature. Next, the State

---

[3]  Although it is not clear from the record whether the Interstate Compact Agreement and the IDOC Agreement are two distinct documents, as best this Court can tell from the record, it appears they are two separate documents, neither of which were introduced as exhibits at the probation violation hearing. We note this only for ease of reference; whether the documents are one document or two documents has no impact on the opinion.

called Michael Alboucq, an IDOC employee, who testified that he had not supervised Gray at any point during his probation and was not personally familiar with Gray. The IDOC Agreement was not admitted into evidence, and Alboucq did not testify whether Gray's conduct amounted to a violation of any rules in the IDOC Agreement. Over Gray's continuing objection, the district court allowed the State to admit copies of text messages sent by Gray. Alboucq testified that the text messages indicated Gray was attempting to locate and purchase firearms. During cross-examination, Alboucq was asked if Gray had purchased, carried, possessed, or had control of any firearms in violation of IDOC Agreement Rule 4, as alleged in the Idaho Report of Violation, and Alboucq said "no." Although the Idaho Report of Violation did not allege that Gray violated the terms of his Wisconsin probation, on redirect examination, the State asked Alboucq if Gray's alleged attempt to purchase firearms could be a violation of the Wisconsin Rule of Supervision ST 001. Alboucq answered "Yes."

Alboucq was also questioned about whether Gray's behavior violated IDOC Agreement Rule 12 (participating in mental health treatment), but did not offer an opinion as to whether Gray violated the rule. The State also introduced an email from an employee at Bridge Health Clinics describing Gray's conduct at the treatment facility. The district court asked Gray if he objected to the admission of the email, and Gray said he objected to any and all exhibits sought to be admitted by the State based on his prior objection. The district court took note of Gray's continuing objection and admitted the email.

Next, the State introduced the Notice of Interstate Compact Probable Cause Hearing. Gray objected, reasserting his earlier objection that the notice was outside the scope of redirect, and asserting that the notice was irrelevant. The State responded that the notice was relevant to whether or not Gray had received notice of which terms of his Wisconsin probation he allegedly violated. The district court overruled Gray's objection and admitted the notice.

Following the presentation of evidence, the State argued Gray was on notice that the State would allege he violated Wisconsin Rule of Supervision ST 001 because he had been served with the Notice of Interstate Compact Probable Cause Hearing in Wisconsin. The State conceded that Gray had not violated IDOC Agreement Rule 4, but then argued that Gray violated Wisconsin Rule of Supervision ST 001. The State made no argument that Gray violated IDOC Agreement Rule 12.

Gray argued the State had not presented any evidence that he violated any of the rules, terms, or conditions of his Idaho probation because the State never admitted the Interstate Compact Agreement or the IDOC Agreement into evidence. Further, Gray asserted that it was only after the State realized it could not establish a violation of IDOC Agreement Rule 4 that it argued Gray had violated the Wisconsin Rules of Supervision, which Gray argued violated his due process rights. Gray also asserted there was no specificity as to how Gray was alleged to have violated the Wisconsin Rules of Supervision.

Following the presentation of evidence, the district court made the following factual findings: (1) Gray did not violate IDOC Agreement Rule 4; (2) Gray violated Wisconsin Rule of Supervision ST 001; and (3) based on his conduct in Wisconsin, Gray violated IDOC Agreement Rule 12, which required him to participate in and successfully complete any recommended treatment and programming. After finding that Gray violated his probation, the district court did not make the requisite finding that the violations were willful. Nonetheless, at the subsequent disposition hearing, the district court revoked Gray's probation and retained jurisdiction. Gray timely appeals.

## II.

## STANDARD OF REVIEW

"Review of a probation revocation proceeding involves a two-step analysis. First, it is determined whether the terms of probation have been violated. If they have, it is then determined whether the violation justifies revocation of the probation." *State v. Garner*, 161 Idaho 708, 710, 390 P.3d 434, 436 (2017) (citations omitted).

> With regard to the first step, a district court may revoke probation only upon evidence that the probationer has violated probation. . . . A court's finding that a violation has been proved will be upheld on appeal if there is substantial evidence in the record to support the finding. . . .
> As to the second step, the decision whether to revoke a defendant's probation for a violation is within the discretion of the district court. Thus, we review a district court's decision to revoke probation under an abuse of discretion standard.

*State v. Knutsen*, 138 Idaho 918, 923, 71 P.3d 1065, 1070 (Ct. App. 2003) (citations omitted).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached

its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Gray makes multiple arguments on appeal. First, Gray argues the district court erred in finding that Gray violated Wisconsin Rule of Supervision ST 001 and IDOC Agreement Rule 12 because the State failed to prove that the rules Gray violated were conditions of Gray's probation. Second, the district court erroneously revoked probation without an express finding pursuant to Idaho Criminal Rule 33(f) that Gray's probation violation was willful. Third, Gray argues the evidence supporting the finding of the violations was admitted in violation of his due process right to confront and cross-examine adverse witnesses. Therefore, Gray asserts that the order revoking probation should be reversed and his probation reinstated, or in the alternative, that the case be remanded for further proceedings.

The district court found two violations of Gray's probation: a violation of Wisconsin Rule of Supervision ST 001 and a violation of the IDOC Agreement Rule 12. Gray argues the State failed to prove Gray violated either term because the State did not establish that either term was a condition of Gray's probation.

The State acknowledges that the Interstate Compact Agreement and the IDOC Agreement were not admitted into evidence at the evidentiary hearing and, therefore, there is no direct evidence of the IDOC Agreement, including IDOC Agreement Rule 12, or whether Gray's Idaho probation required him to abide by the Wisconsin Rules of Supervision. The State asserts that the district court could make "reasonable inferences" from the evidence submitted to satisfy the preponderance of evidence standard that the violated terms were part of Gray's Idaho probation.

Pursuant to I.C.R. 33(f), a trial court may not revoke probation unless "there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." The State bears the burden of providing satisfactory proof of a violation though proof beyond a reasonable doubt is not required. *State v. Rose*, 144 Idaho 762, 765, 171 P.3d 253, 256 (2007).

A probation order, not a probation agreement, sets the conditions of probation. *State v. Santana*, 162 Idaho 79, 83, 394 P.3d 122, 126 (Ct. App. 2017). The terms and conditions of Gray's probation are set forth in the district court's order of probation, entered in April 2016.

7

The order of probation stated that Gray's probation was "subject to all the terms and conditions specified in the Conditions of Probation and Department of Corrections Agreement of Supervision." While the order of probation may have contemplated a supervision agreement between Gray and the IDOC, the State failed to produce a copy of the alleged Interstate Compact Agreement or a copy of the IDOC Agreement. Thus, the record contains no direct evidence of the conditions Gray was subject to under the IDOC Agreement or the Interstate Compact Agreement.

Conditions of probation cannot be implied. *State v. Klingler*, 143 Idaho 494, 496, 148 P.3d 1240, 1242 (2006). The State's assertion that the district court could reasonably infer that the alleged terms were a part of Gray's probation is unavailing. Without any evidence establishing that Wisconsin Rule of Supervision ST 001 and IDOC Agreement Rule 12 were terms of Gray's probation, we cannot say there is substantial evidence in the record to support the district court's findings that Gray committed the alleged violations. Because the State failed to show the existence of a condition of probation that could have been violated, the revocation of Gray's probation cannot be sustained, and his probation must be reinstated. *See State v. Prelwitz*, 132 Idaho 191, 194, 968 P.2d 1100, 1103 (Ct. App. 1998). As a result, we need not address whether the probation violations were willful.

Gray argues that under *State v. Hoskins*, 165 Idaho 217, 443 P.3d 321 (2019), the State cannot assert on remand that Gray's alleged probation violations were willful. We disagree and find *Hoskins* to be inapplicable to this case. *Hoskins* involved an appeal from the denial of the defendant's motion to suppress. The Court reversed, concluding the State failed to carry its burden of showing that the challenged search fell within an exception to the warrant requirement. The Court also denied the State's request to remand the case for additional argument and factual findings, stating: "Devising a 'correct' theory for the first time on appeal does not give the State a legal mulligan when it concedes that its original theory did not carry the burden below." *Id.* at 226, 443 P.3d at 330. While the district court cannot infer specific exceptions to the Fourth Amendment's warrant requirement, it can infer the willfulness of a probation violation. Idaho Criminal Rule 33(f) states a trial court may not revoke probation unless "there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation." The district court is required to make this finding regardless of whether the State argues the violations were willful. Indeed, even absent argument from the

8

State, a court can reasonably infer that a violation of probation was willful. *See State v. Garner*, 161 Idaho 708, 712, 390 P.3d 434, 438 (2017). Here, we have found there is insufficient evidence of a probation violation, willful or otherwise, and that probation must be reinstated. We decline to address hypothetical future allegations of probation violations or under what parameters such allegations could be pursued.

## IV.
## CONCLUSION

The district court's findings that Gray committed the alleged probation violations are not supported by substantial evidence. Accordingly, we reverse the district court's order revoking probation and the case is remanded for further proceedings consistent with this opinion, which includes reinstating Gray's probation.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

9